## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GERLIN RUTILIO IBARGUEN-VALENCIA,**<br><br>    Petitioner,<br><br>    v.<br><br>**FCI FORT DIX WARDEN,**<br><br>    Respondent. | Case No. 24–cv–10085–ESK<br><br>**OPINION** |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Gerlin Rutilio Ibarguen-Valencia's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) requesting an order that prohibits the Bureau of Prisons (Bureau) from revoking his First Step Act (Act) good conduct credits in the event he receives a final order of removal. (ECF No. 1.) For the following reasons, I will dismiss the Petition.

    I.    **FACTS AND PROCEDURAL HISTORY**

    On February 27, 2019, petitioner signed a plea agreement in which he pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States, 46 U.S.C. §§ 70503(a), 70506(a)-(b), and 21 U.S.C. § 960(b)(1)(B)(ii); and aiding and abetting to possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States, 46 U.S.C. §§ 70503(a), 70506(a)-(b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(l)(B)(ii). *United States v. Ibarguen-Valencia*, No. 8:18–cr–00525 (M.D. Fla. Feb. 27,

2019) (ECF No. 52.)[1] On July 10, 2019, petitioner received a 140-month sentence to be followed by a five-year supervised release term. (*Id.* ECF No. 102.) On April 8, 2021, the district court imposed the same sentence after the United States Court of Appeals for the Eleventh Circuit vacated and remanded for resentencing. (*Id.* ECF No. 152.) His projected release date from Bureau custody is December 20, 2027. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2024).

Petitioner filed his Petition on October 5, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He states that he is subject to an immigration detainer and is currently earning good conduct credits pursuant to the Act. (*Id.* p. 8.) He asks the Court to issue an order prohibiting the Bureau from revoking any of those credits in the event that he receives a final removal order. (*Id.* p. 10.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### III. DISCUSSION

Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

Here, petitioner is not currently subject to a final removal order and is presently earning credits under the Act. (ECF No. 1 p. 3.) Petitioner invokes the Equal Protection Clause in an effort to enjoin the Bureau from preventing him from applying his earned credits in the event that he receives a final order of removal from federal immigration authorities.[2] "Petitioner bases this

---

[2] "Although [p]etitioner raises the Equal Protection Clause, that clause really does not apply in this context as [p]etitioner has not identified any similarly situated individual who is being treated differently–indeed, he states that all the inmates he knows who receive final orders of removal are losing the ability to apply their credits– and aliens subject to removal orders are in any event not a protected class under the

3

request on his belief that he has a vested interest in those credits ... . The inherent flaw in [p]etitioner's argument, however, is that the very credits he seeks to protect—those granted by the [Act]—are inherently contingent on [p]etitioner not receiving a final order of removal." *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24–cv–09831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024). "[I]f [p]etitioner does receive a final order of removal, the [Bureau] has no choice but to deprive him of the ability to apply his [Act] credits towards early supervised release, and this Court has no authority to enjoin the operation of the statute." *Id*. Therefore, the Petition is without merit and must be dismissed.

      Additionally, I must dismiss the Petition because petitioner does not have an actual or imminent injury. "To have standing to bring a suit in federal court, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact." *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Any harm is presently speculative; petitioner is currently accruing and can apply credits towards his early supervised release. He presumes that he will be injured if the United States initiates and pursues removal proceedings. In the absence of a concrete, imminent injury, the Petition must be dismissed as premature.

---

clause." *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24–cv–09831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024).

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Petition without prejudice. An appropriate Order accompanies this Opinion.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                UNITED STATES DISTRICT JUDGE

Dated: November 20, 2024